Reginald Robin
Allen *Plaintiff, Pro*
*Se*
1528 Cricket Club Circle, Apt. 204
Orlando  Florida 32828
RRAexec@gmail.com

# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

REGINALD ROBIN ALLEN

v.

*Plaintiff*

,

Case No. 6 26-cv-00118-CEM-NWH

EQUIFAX INFORMATION SERVICES LLC. EXPERIAN
INFORMATION SOLUTIONS  INC   TRANSUNION LLC.
INNOVIS DATA SOLUTIONS  INC   and
FACTORTRUST  INC

*Defendants.*

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff Reginald Robin Allen. proceeding pro se, hereby respectfully requests that this

Court take judicial notice of the facts, records, and official government publications identified

below, pursuant to Rule 201 of the Federal Rules of Evidence and the Court's inherent authority

to take notice of matters of public record  Each item presented is either a government record, an

adjudicative fact capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. or an official publication of a federal agency.

Page 1 of 9
## I. LEGAL STANDARD

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned " Fed. R. Evid. 201(b)(2). Official publications and enforcement records of federal agencies satisfy this standard  See Shahar v Bowers, 120 F.3d 211, 214 n.6 (11th Cir. 1997) (en banc); United States v. Jones. 29 F.3d 1549. 1553 (11th Cir. 1994).

Each of the eight exhibits requested here is a formal government document: a CFPB consent order  a CFPB enforcement complaint filed in federal court, a Federal Reserve statutory report to Congress, or a Federal Trade Commission statutory report to Congress. All are publicly available on official government websites. Their authenticity and accuracy are beyond reasonable dispute.

Judicial notice of these documents does not ask the Court to accept the truth of any

contested factual finding within them. Plaintiff requests only that the Court notice the existence, content and official nature of these publications as probative of: (1) each defendant CRA's knowledge of its FCRA obligations; (2) the foreseeability of consumer harm from inaccurate credit reporting; and (3) willfulness under 15 U.S.C. § 1681n. See Safeco Ins. Co. of Am. v. Burr 551 U.S. 47 69 (2007).

## II. ITEMS FOR WHICH JUDICIAL NOTICE IS REQUESTED

**Exhibit A- CFPB Consent Order In re TransUnion LLC** (CFPB Docket No. 2017-CFPB-0002 entered January 3 2017)On January 3 2017 the CFPB entered a consent order against TransUnion LLC TransUnion Interactive Inc. and related entities for violations of the FCRA and the Consumer Financial Protection Act The order found that TransUnion misrepresented the

Page 2 of 9

nature of credit scores it sold to consumers and engaged in deceptive marketing practices for

credit monitoring products. The order imposed a civil penalty and compliance obligations and

remains binding on TransUnion.

Relevance: The 2017 TransUnion Consent Order establishes that TransUnion has been subject to prior CFPB enforcement action and has actual, documented knowledge of its FCRA compliance obligations. This is directly relevant to the willfulness inquiry under 15 U.S.C. § 1681n and Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007), which asks whether a defendant acted in objectively unreasonable disregard of a known legal duty. TransUnion's post-Consent Order conduct in this case - including the sham reinvestigation of Plaintiff's disputes supports a finding that its violations were willful rather than merely negligent.

Source: *https://files.consumerfinance.gov/f/documents/201701_cfpb_Transunion-consent order.pdf*

**Exhibit B**

**CFPB Consent Order, In re Equifax Inc. and Equifax Information Services LLC.** (CFPB Docket No. 2017 CFPB 0001 entered January 3, 2017). On January 3, 2017, the CFPB entered a consent order against Equifax Inc. and Equifax Information Services LLC for violations of the FCRA and the Consumer Financial Protection Act arising from deceptive marketing of credit score and credit monitoring products The order imposed a civil penalty and ongoing compliance obligations.

> Relevance: The 2017 Equifax Consent Order establishes Equifax's prior notice of its FCRA obligations and the CFPB's regulatory oversight. Combined with the January 17, 2025 Consent Order (Exhibit H, below), the 2017 order demonstrates a recurring pattern of FCRA compliance failures over an eight year period- directly relevant to willfulness under § 1681n as to the reinvestigation and accuracy violations alleged in Counts I and II of the First Amended Complaint.

Source: *https://files.consumerfinance.gov/f/documents/201701_cfpb_Equifax-consent-order.pdf*

**Exhibit CCFPB Consent Order, In re Experian Holdings, Inc., et al..** (CFPB Docket No. 2017 CFPB 0012 entered March 23 2017) On March 23 2017 the CFPB entered a consent order against Experian Holdings, Inc., Experian Information Solutions Inc. and ConsumerInfo.com, Inc., for violations of the FCRA and CFPA arising from deceptive marketing

Page 3 of 9

of credit score and credit monitoring products. The CFPB imposed a $3 million civil penalty and

compliance obligations

Relevance  The 2017 Experian Consent Order establishes Experian's knowledge of its FCRA obligations as of 2017. Combined with the January 7 2025 CFPB enforcement complaint (Exhibit G), it demonstrates an eight year pattern of CFPB oversight  This is directly relevant to willfulness under § 1681n as to Counts I  II  and III of the First Amended Complaint, particularly the improper reinsertion of the Cavalry Portfolio Services tradeline alleged in Count III (15 U.S.C. § 1681i(a)(5)(B)).

Source: *https://files.consumerfinance.gov/f/documents/201703_cfpb_Experian-Holdings-Inc consent-order.pdf*

**Exhibit D    Federal Reserve System, Report to Congress on Credit Scoring and Its Effects on the Availability and Affordability of Credit** August 2007, submitted pursuant to Section 215 of the Fair and Accurate Credit Transactions Act of 2003  Pub  L. 108-159) The Federal Reserve System submitted this report to Congress documenting the relationship between credit scoring  credit availability  and the downstream consequences of inaccurate credit reporting on consumers' access to credit and financial opportunities.

Relevance: This report supports the causal link between inaccurate credit reporting and consumer harm including denial of credit and adverse terms and establishes that this harm was foreseeable and well documented by the federal government well before the violations alleged in this case. It is relevant to the damages elements of all counts.

Source: *https://www.federalreserve.gov/boarddocs/rptcongress/creditscore/creditscore.pdf*

**Exhibit E    Federal Trade Commission, Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (Fifth Interim Report)** (December 2012) The FTC submitted this report to Congress documenting the prevalence of errors in consumer credit files and the harm those errors cause to consumers  The report found that a significant

percentage

of consumers have errors in their credit reports and that many such errors are material

> Relevance: This government report establishes industry wide awareness of furnisher data accuracy problems and the standard of care applicable under 15 U.S.C. § 1681e(b)  It is relevant to the reasonableness of each defendant CRA's procedures and to willfulness under § 1681n

Page 4 of 9

Source

*https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-*
*accurate credit transactions act 2003-fifth interim-federal-t*
*rade-*
*commission/130211factareport.pd*
*f*

**Exhibit F**

**- CFPB, Consumer Financial Protection Rights Summary.** (CFPB Publication

No. 0050, 2023). The CFPB publishes and distributes this consumer rights document, which sets

forth in plain language consumers' rights to obtain complete file disclosures from consumer

reporting agencies under 15 U.S.C. § 1681g(a), to dispute inaccurate information, and to receive

written notice of reinsertion under § 1681i(a)(5)(B).

Relevance: This publication establishes that the FCRA's consumer disclosure and notice requirements are publicly disseminated by the federal government, supporting the inference that each defendant CRA had actual knowledge of those obligations. It is relevant to willfulness under § 1681n as to Count I (§ 1681g  -failure to provide complete file disclosure)

Source: *https://files.consumerfinance.gov/f/documents/cfpb_consumer-rights-summary.pdf*

**Exhibit G**

**CFPB Complaint, Consumer Financial Protection Bureau v. Experian Information Solutions, Inc..** (U.S. District Court  Central District of California. Case No. 8:25-cv 00026  filed January 7  2025)  On January 7  2025  the Consumer Financial Protection Bureau filed a federal lawsuit against Experian Information Solutions, Inc. in the U.S. District Court for the Central District of California, alleging systemic violations of the FCRA. The CFPB's complaint specifically alleges that Experian: (1) conducted sham investigations of consumer disputes by failing to convey accurate and complete dispute information to furnishers; (2) improperly reinserted previously deleted tradelines into consumer credit files by failing to implement matching tools to prevent reinsertion by new furnishers; and (3) failed to provide consumers with legally required notice and documentation of reinvestigation results.

Relevance: Exhibit G is directly and specifically relevant to Count III of the First Amended Complaint - Plaintiff's claim under 15 U.S.C. § 1681i(a)(5)(B) for Experian's improper reinsertion of the Cavalry Portfolio Services account (Account No. 224969XX) following Experian's own deletion of that account on December 12  2024. The CFPB's

Page 5 of 9

January 2025 complaint alleges precisely the same systemic reinsertion failure at issue in this case: Experian's lack of matching tools allows previously deleted tradelines to reappear under new furnisher names without the written notice and certification required by § 1681l(a)(5)(B). This is powerful evidence that Experian's reinsertion of Plaintiff's Cavalry Portfolio account was not an isolated error but a documented, systemic corporate practice directly supporting Plaintiff's willfulness claim under 15 U.S.C. § 1681n and Safeco  551 U.S. at 69.

Source: *https://www.consumerfinance.gov/enforcement/actions/experian-information-solutions-inc/*

**Exhibit H   CFPB Consent Order, In re Equifax Inc. and Equifax Information Services**

LLC CFPB Docket No. 2025 CFPB 0002  entered January 17  2025; $15 Million Civil Penalty)

On January 17  2025  the CFPB entered a new consent order against Equifax Inc. and Equifax Information Services LLC, imposing a $15 million civil penalty and mandatory compliance reforms through 2030. The CFPB found that Equifax violated the FCRA by: (1) failing to thoroughly investigate consumer disputes; (2) failing to prevent improper reinsertion of previously deleted information; (3) failing to provide adequate written notice of reinvestigation results; (4) failing to follow reasonable procedures to assure maximum possible accuracy; and (5) failing to block reporting of identity theft information and provide appropriate notices when blocks were declined

> Relevance: Exhibit H is critical to the willfulness analysis against Equifax in this case. The 2025 Consent Order establishes that by January 2026- when the violations alleged in the First Amended Complaint were ongoing-Equifax was operating under a binding federal enforcement order requiring it to bring its dispute resolution processes into compliance with the FCRA. Equifax's continued reinvestigation failures and inaccurate reporting after the 2025 Consent Order went into effect is strong evidence of willful or reckless disregard of its known legal duties under 15 U.S.C. § 1681n  Combined with the 2017 Equifax Consent Order (Exhibit B)  this document demonstrates an eight year documented history of FCRA enforcement against this defendant

Source: *https://files.consumerfinance.gov/f/documents/cfpb_equifax-inc-consent- order 2025-01.pdf*

### III. RELEVANCE TO PENDING CLAIMS

The facts, records, and official publications identified above are directly relevant to the following pending claims in this action

Page **6** of 9

**Count I (§ 1681g   Failure to Disclose Complete File):** The CFPB Consumer Rights

Summary (Exhibit F) establishes that Defendants had actual  codified notice of the full-file

disclosure obligations they failed to fulfill as to Plaintiff's December 2024 and August 2025

complete file disclosure
requests.

**Count II (§ 1681i Sham Reinvestigations):** The 2017 Consent Orders against Experian

(Exhibit C), Equifax (Exhibit B), and TransUnion (Exhibit A) establish that each of these

Defendants had actual prior knowledge of the FCRA's reinvestigation requirements at the time of

the violations alleged in this case  Defendants' post Consent Order conduct specifically, claiming

to verify disputed accounts without ever contacting the furnisher, as confirmed by Credit Strong's

customer service representative on February 4, 2025-supports a finding of willful violation under

15 U.S.C. § 1681n and *Safeco*, 551 U.S. at 69.

**Count III (§ 1681i(a)(5)(B)      Improper Reinsertion by Experian):** The 2017
Experian

Consent Order (Exhibit C) and the 2025 CFPB Experian Complaint (Exhibit G) together establish

both Experian's longstanding knowledge of its FCRA reinsertion obligations and its documented

pattern of disregarding those obligations systemically. Experian's reinsertion of the Cavalry

Portfolio Services tradeline into Plaintiff's file-without furnisher certification or written

consumer notice cannot be characterized as a good faith error in light of this regulatory history

These exhibits are directly relevant to the willfulness finding required for punitive damages under 15 U.S.C. § 1681n.

## Count IV (§ 1681e(b) Failure to Follow Reasonable Procedures): The Federal

Reserve and FTC reports (Exhibits D E) establish the well documented causal link between CRA accuracy failures and the specific harms Plaintiff suffered. including denial of housing transportation, and credit access, as set forth in Paragraphs 49 through 57 of the First Amended

Page 7 of 9

Complaint. These are not novel or speculative damages they are the exact category of harm that

Congress designed the FCRA to prevent  as documented by federal
agencies

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court take judicial notice

of each item identified in Section II of this Request pursuant to Federal Rule of Evidence 201(b) and (c)(2). Each item is either a public record of a federal agency, a final administrative order, an official government publication, or a public court filing by a federal regulatory agency all paradigmatic subjects of judicial notice. None of the items are subject to reasonable dispute. Plaintiff is prepared to supplement this Request with certified copies, official URL citations, or additional briefing at the Court's direction.

Respectfully submitted


Reginald Robin Allen
*Plaintiff, Pro Se*
1528 Cricket Club Circle  Apt. 204
Orlando  Florida 32828
RRAexec@gmail.com


Page **8** of **9**
**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 26. 2026, I caused the foregoing Amended Plaintiff's

Request for Judicial Notice to be served upon the following counsel of record via electronic mail

to:


Gary Sonnenfeld, Esq.

Troutman Pepper Locke LLP

777 South Flagler Drive. Suite 215, East Tower

West Palm Beach  FL 33401

*Counsel for Defendant Experian Information Solutions, Inc.*

Jason Daniel Joffe, Esq.
Squire Patton Boggs (US) LLP
200 S. Biscayne Blvd.  Suite 3400
Miami FL 33131
*Counsel for Defendant Equifax Information Services LLC*

Sean Moloney  Esq.
Quilling Selander Lownds Winslett & Moser PC
555 West Adams Street. Chicago, IL 60661
smoloney@qslwm.com
*Counsel for Defendant Trans Union LLC*

Reginald Robin Allen *Plaintiff, Pro Se*

Page **9** of **9**

**EXHIBIT C**