# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

REGINALD ROBIN ALLEN,

    Plaintiff,

v.

                                 Case No. 6:26-cv-00118-CEM-NWH

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANSUNION LLC,

    Defendants.

_____/

---

# PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE JOINT CASE MANAGEMENT REPORT AND NOTICE OF STATUS OF JOINT CMR EFFORTS

---

Plaintiff Reginald Robin Allen, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for a brief extension of time to file the Joint Uniform Case Management Report ("Joint CMR") as ordered by this Court on June 3, 2026 (Doc. 42), and in support thereof states as follows:

## BACKGROUND

1.     This action was filed on January 20, 2026 asserting claims against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion LLC ("TransUnion") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x.

2.      On April 30, 2026, this Court issued an Order to Show Cause for Plaintiff's failure to file a Case Management Report (Doc. 28). Plaintiff subsequently filed a unilateral Case Management Report on May 14, 2026 (Doc. 30).

3.      On May 18, 2026, this Court struck the unilateral CMR and ordered the parties to file a Joint CMR by June 1, 2026, specifically directing that the submission must be a joint document signed by all parties (Doc. 31).

4.      On June 2, 2026, Plaintiff filed a Motion for Extension of Time to File the Joint CMR (Doc. 41), which this Court granted on June 3, 2026, extending the Joint CMR deadline to June 10, 2026 (Doc. 42). Plaintiff treats this Court's patience in granting that extension with the seriousness it warrants.

5.      Despite Plaintiff's diligent and continuing good-faith efforts to obtain defense counsel's participation in the Joint CMR, Plaintiff has been unable to obtain the required signatures from any of the three Defendants' counsel as of the date of this filing. The circumstances giving rise to this failure are set forth in full below.

**SPECIFIC OBSTACLES TO FILING THE JOINT CMR**

6.      The preparation of a Joint CMR in this matter has been rendered unusually difficult by a series of coordinated defense-side complications that have unfolded over the past three weeks. These are not excuses; they are documented facts of record that this Court is respectfully invited to consider.

7.      Experian's Last-Minute Counsel Substitution.   On May 31, 2026, just two days before Plaintiff was attempting to finalize a joint CMR for the then-operative June 1 deadline, Patrick T. Kalbac of Venable LLP entered his appearance for Experian (Doc. 34), filing an amended notice on June 1, 2026 (Doc. 35). Experian's prior counsel Gary Sonnenfeld of

Troutman Pepper Locke LLP was simultaneously withdrawn (Doc. 39, granted Doc. 42). This substitution occurred at the most critical moment of CMR coordination, requiring all joint CMR communications to be rebuilt with entirely new counsel who had no prior involvement in the negotiations.

8.  Prior Bad-Faith Conduct in the UCMR Negotiations.  During the earlier round of CMR negotiations, Plaintiff discovered that TransUnion's counsel had inserted three unauthorized changes into the circulating draft: (a) a fabricated PDF-format stipulation falsely attributed to Plaintiff; (b) a conversion of the agreed joint deposition request into a Plaintiff-only demand; and (c) vague deposition-cap language inserted unilaterally into what should have been a joint section of the document. Plaintiff rejected all three changes. This history has understandably placed Plaintiff on heightened alert regarding the integrity of any further joint submission and has required additional diligence in reviewing any proposed redlines.

9.  Non-Response from All Three Defense Counsel After the June 10 Deadline.  On approximately June 12, 2026, Plaintiff transmitted written communication to all three defense counsel — Paige Vacante of Seyfarth Shaw LLP (Equifax), Patrick T. Kalbac of Venable LLP (Experian), and Sean Moloney of Quilling Selander Lownds Winslett & Moser PC (TransUnion) — requesting their availability and cooperation to finalize and execute the Joint CMR. As of the date of this filing, Plaintiff has not received a substantive response from any of the three counsel.

10.  Equifax Counsel's Out-of-Office Unavailability.  Equifax's lead counsel, Paige Vacante, was out of the office until June 15, 2026, as communicated by her automatic reply to Plaintiff's June 12 outreach. While counsel's travel obligations are understood, the timing resulted in no Equifax response during the critical window between Plaintiff's outreach and the June 10 filing deadline and the days immediately following it.

11.     The cumulative effect of these circumstances — a last-minute counsel substitution by one defendant, documented bad-faith redline conduct by a second, and complete non-responsiveness from all three after the deadline passed — has placed Plaintiff in the position of being unable to file a Joint CMR through no failure of diligence or good faith on his part. A pro se plaintiff cannot compel opposing counsel to respond to communications or to participate in a joint filing. Plaintiff's only recourse at this juncture is to bring these circumstances to the Court's attention and respectfully request judicial intervention.

## LEGAL STANDARD

12.     Federal Rule of Civil Procedure 6(b)(1)(B) permits this Court to extend a deadline upon a showing of excusable neglect where a motion is filed after the deadline has passed. In evaluating excusable neglect, courts consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

13.     Courts in the Eleventh Circuit apply the Pioneer factors equitably and give particular consideration to pro se plaintiffs. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (pro se pleadings construed liberally). Additionally, where delay is attributable to the conduct of adverse parties rather than to the moving party, courts are more inclined to find excusable neglect. See *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

## ARGUMENT

14.     All four *Pioneer* factors weigh in Plaintiff's favor here.

15.     **No Prejudice to Defendants.**   Defendants cannot credibly claim prejudice from a brief extension where their own counsel's non-responsiveness is a direct cause of the delay. The case is in its early stages. No scheduling order has been entered. No discovery has commenced. No trial date has been set. A brief extension of time to file the Joint CMR will not prejudice any party.

16.     **Minimal Length of Delay.**   The delay from the June 10 deadline to the date of this filing is a matter of days, not weeks or months. The impact on the proceedings is minimal. Plaintiff is not seeking an indefinite extension; he requests a specific and short additional period sufficient to compel defense counsel's participation.

17.     **Cause Not Within Plaintiff's Control.**   As set forth in detail above, the failure to file the Joint CMR by June 10, 2026 is directly traceable to: (a) Experian's substitution of new counsel on the eve of the deadline; (b) TransUnion's prior bad-faith conduct in the joint CMR negotiations requiring additional scrutiny of any future draft; and (c) the complete failure of all three defense counsel to respond to Plaintiff's outreach of June 12, 2026. A pro se plaintiff has no mechanism to compel defense counsel to respond to emails or participate in joint filings. This Court does.

18.     **Good Faith.**   Plaintiff has acted in consistent good faith throughout this matter. Plaintiff filed a unilateral CMR in an initial attempt to comply with the Court's order. Upon being instructed that a joint submission was required, Plaintiff immediately engaged defense counsel and sought their participation. When the June 1 deadline approached without resolution, Plaintiff sought an extension in advance of that deadline. When the June 10 deadline arrived and defense counsel remained non-responsive, Plaintiff filed this motion within the narrowest practicable

timeframe. At no point has Plaintiff been inactive, dilatory, or indifferent to this Court's directives.

## RELIEF REQUESTED

19.  Plaintiff respectfully requests that this Court:

(a)  Grant Plaintiff a fourteen (14) day extension from the date of this Court's order to file the Joint Case Management Report, up to and including June 30, 2026;

(b)  Direct Defendants' counsel to respond to Plaintiff's communications regarding the Joint CMR and to cooperate in its preparation and execution within seven (7) days of this Court's order; and

(c)  Grant such other and further relief as this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), M.D. Fla., Plaintiff states that the very subject matter of this motion — the failure of defense counsel to communicate and cooperate — makes it impracticable to complete a pre-filing conferral on this motion itself. Plaintiff has made repeated good-faith efforts to contact all three defense counsel, as described herein, without response. Plaintiff has transmitted a courtesy copy of this motion to all defense counsel by electronic mail simultaneously with filing with an invitation for them to provide position statements, should they so desire.

Respectfully submitted,

/s/ Reginald Robin Allen
Reginald Robin Allen
1528 Cricket Club Circle, Apt. 204
Orlando, Florida 32828
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on June 18, 2026, a true and correct copy of the foregoing

was served on the following counsel of record via electronic mail:

Paige Vacante, Esq.
Scyfarth Shaw LLP
pvacante@seyfarth.com
Counsel for Equifax Information Services LLC

Patrick T. Kalbac, Esq.
Venable LLP
ptkalbac@venable.com
Counsel for Experian Information Solutions, Inc.

Sean Michael Moloney, Esq.
Quilling Selander Lownds Winslett & Moser PC
smoloney@qslwm.com
Counsel for TransUnion LLC

Respectfully submitted,

/s/ Reginald Robin Allen
Reginald Robin Allen
1528 Cricket Club Circle, Apt. 204
Orlando, Florida 32828
Pro Se Plaintiff