# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

REGINALD ROBIN ALLEN,

      Plaintiff,

v.                                Case No. 6:26-cv-00118-CEM-NWH

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANSUNION LLC,

      Defendants.

_____/

---

**PLAINTIFF'S RENEWED MOTION FOR EXTENSION OF TIME TO FILE CASE MANAGEMENT REPORT, OR IN THE ALTERNATIVE, FOR AN ORDER COMPELLING CONFERRAL AND FOR LEAVE TO FILE A CASE MANAGEMENT REPORT**

---

Plaintiff Reginald Robin Allen, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 3.02, for an extension of time to file the joint Case Management Report, or in the alternative for an order directing Defendants to confer in good faith and for leave to file a Case Management Report, and states as follows.

## I. INTRODUCTION

1.     This is the third filing Plaintiff has made concerning the joint Case Management Report required by Local Rule 3.02. The report remains unfiled not because of any lack of diligence by Plaintiff, but because one or more Defendants have not participated in the conferral the rule and this Court's orders require. Plaintiff files this renewed motion to cure the procedural deficiency this Court identified in its June 22, 2026 Order (Doc. 44), to place the current status of

conferral on the record, and to request relief that will bring this case into compliance regardless of any Defendant's continued non-participation.

## II. PROCEDURAL HISTORY

2.    On January 20, 2026, Plaintiff filed this action against Equifax Information Services, LLC, Experian Information Solutions, Inc., TransUnion LLC, Innovis Data Solutions, Inc., and FactorTrust Inc., alleging violations of the Fair Credit Reporting Act, 15 U.S.C. section 1681 et seq. (Doc. 1). Innovis Data Solutions, Inc. and FactorTrust Inc. were voluntarily dismissed without prejudice on June 1, 2026, and are no longer parties. (Doc. 36).

3.    On April 30, 2026, the Court directed Plaintiff to show cause why this action should not be dismissed for failure to prosecute because no Case Management Report had been filed, and permitted Plaintiff to cure by filing a Case Management Report within fourteen days. (Doc. 28).

4.    On May 18, 2026, the Court struck the Case Management Report Plaintiff had filed (Doc. 30) because the report must be a joint submission signed by all parties, and directed the parties to file a joint Case Management Report on or before June 1, 2026. (Doc. 31).

5.    On June 3, 2026, the Court granted Plaintiff's motion for an extension of time and extended the deadline to file the joint Case Management Report to June 10, 2026. (Doc. 42).

6.    On June 18, 2026, Plaintiff filed a Motion for Extension of Time to File Joint Case Management Report and Notice of Status of Joint CMR Efforts, describing the difficulties he had encountered in conferring with counsel for Defendants. (Doc. 43).

7.    On June 22, 2026, the Court denied that motion without prejudice for failure to comply with Local Rule 3.01(g). In the same order, the Court acknowledged a variety of difficulties Plaintiff claimed to have experienced in conferring with counsel for Defendants,

directed that the parties are required to confer in good faith regarding the filing of the Case Management Report, and stated that the Court will impose sanctions against any party, or attorney, who refuses to confer in good faith. (Doc. 44).

8.    No joint Case Management Report has been filed to date.

## II. STATUS OF CONFERRAL

9.    Plaintiff has made repeated, documented, good-faith efforts to obtain Defendants' participation in a joint Case Management Report. Those efforts, by date and method, are as follows:

a.    On June 2, 2026, Plaintiff sent an email to counsel for Equifax (Paige Vacante), TransUnion (Sean Moloney), and Experian (Patrick Kalbac) advising that, in light of the parties' inability to reach agreement on the report before the Court-imposed deadline, Plaintiff would move that day for an extension of time, and enclosing a copy of that motion.

b.    On June 11, 2026, Plaintiff sent a further email to the same three counsel to coordinate finalization of the joint report. Plaintiff advised that he believed each party had had an opportunity to review the revisions proposed by the others, offered to compromise by revising his proposed discovery limits to 50 requests for admission, 50 interrogatories, and 50 requests for production per side, and asked each attorney to identify any remaining revisions before execution and submission. The only reply Plaintiff received was an automatic message from the office of Equifax's counsel, Paige Vacante, indicating that she was out of the office and would not return until June 15, 2026.

c.    Having received no substantive response from any Defendant, on June 18, 2026 Plaintiff filed his Motion for Extension of Time to File Joint Case Management Report and Notice of Status of Joint CMR Efforts. (Doc. 43).

d.    On June 19, 2026, Plaintiff sent an email to the same three counsel providing notice that the foregoing motion had been filed and enclosing a copy.

e.    Plaintiff's most recent conferral effort, undertaken after entry of the Court's June 22, 2026 Order, is described in paragraph 10 below.

10.    On July 6, 2026, following entry of the Court's June 22, 2026 Order, Plaintiff sent a further written conferral request by email to counsel for all remaining Defendants, specifically Paige Vacante and Jason Daniel Joffe for Equifax Information Services, LLC, Patrick Thomas Kalbac for Experian Information Solutions, Inc., and Sean Michael Moloney for TransUnion LLC. Plaintiff attached a proposed Uniform Case Management Report, asked each attorney to review it and to provide any edits, positions, or signature so that the report could be filed jointly, offered to confer by telephone on July 6, 2026 or July 7, 2026 between 10:00 a.m. and 4:00 p.m. Eastern, and requested a substantive response no later than 5:00 p.m. Eastern on July 8, 2026.

11.    As of the date of this filing, no Defendant has provided a substantive response to Plaintiff's July 6, 2026 conferral request, and no Defendant has returned a signed Case Management Report. This continues the pattern of non-response described above.

12.    Despite these efforts, Plaintiff has been unable to obtain the participation of all Defendants necessary to file a joint Case Management Report.

## IV. ARGUMENT

### A. Legal Standard

13.    Local Rule 3.02(a)(2) requires that the parties file a Case Management Report using the Court's Uniform Case Management Report form, and Local Rule 3.02 contemplates a joint submission. Because the deadline this Court set for that filing, June 10, 2026 (Doc. 42), has passed, Plaintiff's request for additional time is governed by Federal Rule of Civil Procedure 6(b)(1)(B), which permits the Court, on motion made after the time to act has expired, to extend the time if the party failed to act because of excusable neglect.

14.    In determining whether neglect is excusable, courts consider, among other things, the danger of prejudice to the non-movant, the length of the delay and its potential impact on

judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## B. Application

15.    Each *Pioneer* factor favors the relief requested. There is no danger of prejudice to Defendants, who have not yet been asked to produce discovery and who would themselves benefit from a report that reflects their own positions. The delay, while it has continued longer than any party should prefer, has not disrupted any trial date or dispositive motion deadline, none of which has yet been set. The reason for the delay is not within Plaintiff's control: a joint report by definition requires the participation of every party, and Plaintiff cannot compel Defendants' counsel to respond to his outreach. And Plaintiff's good faith is documented on this record. He filed a Case Management Report before the Court's original deadline (Doc. 30), sought and obtained an extension when the joint submission requirement was clarified (Doc. 42), promptly notified the Court of the conferral difficulties he was experiencing (Doc. 43), and continued his conferral efforts after this Court's June 22, 2026 Order, as set out above.

16.    This Court has already recognized the substance of this problem. Its June 22, 2026 Order did not fault Plaintiff's efforts; it faulted the missing certification, and it separately directed the parties, not Plaintiff alone, to confer in good faith, on pain of sanctions. (Doc. 44). This motion is the direct product of Plaintiff's continued compliance with that directive, and it supplies the certification the Court found missing.

## V. REQUESTED RELIEF

17.    Plaintiff respectfully requests that the Court:

a. Extend the deadline to file the joint Case Management Report to a date fourteen (14) days after the date of the Court's order on this motion; or, in the alternative,

b. Direct each Defendant to confer with Plaintiff in good faith and to sign and return the Case Management Report attached as Exhibit A within seven (7) days of the Court's order;

c. Provide that if any Defendant fails to confer in good faith or fails to sign and return the report within that time, Plaintiff be granted leave to file the report attached as Exhibit A on a unilateral basis as to any non-participating Defendant, and that the Court impose whatever sanction it deems appropriate against that Defendant or its counsel consistent with the Court's June 22, 2026 Order (Doc. 44); and

d. Grant such other and further relief as the Court deems just and proper.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), Plaintiff certifies that he has attempted in good faith to confer with counsel for each Defendant regarding the relief sought in this motion, by the means and on the dates described in Section III above. As of the date of filing, Plaintiff has been unable to obtain agreement from any Defendant, and no Defendant has responded substantively to Plaintiff's July 6, 2026 conferral request. Further, Plaintiff forwarded a copy of the foregoing Motion to all counsel of record on July 7, 2026 and informed them of his intention to file the Motion on July 8, 2026 and requested them to provide their respective position statements, to which none have replied. This motion should therefore be treated as opposed or, as to any Defendant that has not responded (all of them), as unopposed for want of a timely response. Because one or more Defendants were unavailable or unresponsive before filing, Plaintiff will comply with Local Rule 3.01(g)(3) by continuing diligently to contact those Defendants after filing and by promptly supplementing this motion with a statement certifying whether the parties have resolved all or part of the motion; however, given the trend of counsel failing to

acknowledge or reply to Plaintiff's communication efforts, he does not anticipate that a resolution is possible without the Court's intervention.

Respectfully submitted,

/s/ Reginald Robin Allen
Reginald Robin Allen, Pro Se
1528 Cricket Club Circle, Apt. 204
Orlando, FL 32828
(678) 789-2900
PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on July 8, 2026, a true and correct copy of the foregoing was served by email and, where applicable, US Mail on the following counsel of record: Paige Vacante and Jason Daniel Joffe, counsel for Equifax Information Services, LLC; Patrick Thomas Kalbac, counsel for Experian Information Solutions, Inc.; and Sean Michael Moloney, counsel for TransUnion LLC.

/s/ Reginald Robin Allen
Reginald Robin Allen